

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 6, 1962

Honorable John H. Flinn
District Attorney
36th Judicial District
P. O. Box 1112
Sinton, Texas

Opinion No. WW-1375

Re: Whether the provisions of
Article 326k-12, Vernon's
Civil Statutes, are appli-
cable to San Patricio
County and related ques-
tions.

Dear Mr. Flinn:

In your recent letter you request the opinion of this of-
fice on whether the provisions of Article 326k-12, Vernon's
Civil Statutes, are applicable to San Patricio County and re-
lated questions.

A summary of the relevant facts shows that the population
of San Patricio County according to the last Federal Census
is 45,021, and that San Patricio County has two District Courts,
the 36th Judicial District and the 156th Judicial District
authorized by Article 199-36 and Article 199-156, Vernon's Civil
Statutes, respectively.

Section 1 of Article 326k-12 provides in part as follows:

". . . in a Judicial District composed of
one (1) or more counties and in which the popu-
lation in any one (1) of said counties, as de-
termined by the last preceding Federal Census,
is not less than thirty-nine thousand (39,000)
and not more than fifty thousand (50,000) in-
habitants, and in which county there are two (2)
or more District Courts the District Attorney
or the Criminal District Attorney with the con-
sent of a majority of the District Judges, is
hereby authorized to appoint at their discretion,
one (1) investigator or assistant. Such inves-
tigators or assistants shall receive a salary of
not more than Three Thousand, Seven Hundred and
Fifty Dollars ($3,750) per annum, nor less than
Three Thousand Dollars ($3,000) per annum, the
amount of such salary to be fixed by the District
Attorney or Criminal District Attorney and ap-
proved by a majority of the District Judges; such
investigators or assistants, as well as the Dis-
trict Attorney or Criminal District Attorney, shall
be allowed a reasonable amount for expenses not

to exceed Six Hundred Dollars ($600), each, per annum. The assistants to the District Attorney or Criminal District Attorney must be duly and legally licensed to practice law in the State of Texas, however, the investigators need not be duly and legally licensed to practice law in the State of Texas."

The specific questions you desire answered are these:

"1. Are the quoted provisions of Art. 326K-12 applicable to San Patricio County?

"2. Does Art. 326K-12 authorize the appointment by me, with the consent of the majority of the district judges, of an investigator or assistant?

"3. Does Art. 326K-12 authorize the assistant or investigator with authority in the whole of the District or would his authority be limited only to the County which had a population of not less than thirty-nine thousand (39,000) and not more than fifty thousand (50,000) inhabitants?

"4. Would this statute, Art. 326 K-12 require the approval of both District Judges when there are only two such judges?"

The answer to question 1 is in the affirmative. Since San Patricio County has a population that is within that specified by the statutory provisions and also has two District Courts, the provisions are applicable.

The answers to questions 2 and 4 are also in the affirmative. The provisions of Section 1 of Article 326k-12 authorize the District Attorney or Criminal District Attorney to appoint an investigator or assistant with the consent of a majority of the District Judges. Since there are only two District Judges, it would take the consent of both to have a majority.

In answer to question 3, it is the opinion of this office that the authority of the assistant or investigator would go to the whole of the district. Although only one county pays the salary, Section 3 provides that they have " . . . authority under the discretion of the District Attorney to . . ." Since the District Attorney has authority for the whole of the district and the investigator or assistant is subject to his

direction, then it would seem that the authority of the investigator or assistant would go to the whole of the district also unless otherwise directed by the District Attorney.

Therefore, it is the opinion of this office that the authority of such an investigator or assistant would go to the whole of the district unless otherwise directed by the District Attorney.

### SUMMARY

Article 326k-12, Vernon's Civil Statutes, authorizes the District Attorney of the 36th Judicial District to appoint an investigator or assistant with the consent of a majority of the District Judges. The authority of the investigator or assistant will go to the whole of the district unless otherwise directed by the District Attorney.

Yours very truly,

WILL WILSON
Attorney General of Texas

John H. Hoffmann
Assistant

JHH:mkh:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

F. R. Booth
Bill Allen
Gordon Zuber

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore